**J. CRANOR RICHTER, ESQ.  BAR NO. 92879**
**LAW OFFICES OF J. CRANOR RICHTER**
**950 South Coast Drive, Suite 270**
**Costa Mesa, California 92626**
**Telephone:** (714) 556-3888
**Facsimile:** (714) 556-4228
**Email:** jcrpvt@sbcglobal.net

Attorney for Plaintiff, Chalon Adventures, Inc., d.b.a. El Matador

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF THE STATE OF CALIFORNIA

| | |
|---|---|
| **CHALON ADVENTURES, INC.,** a California corporation d.b.a. **EL MATADOR** <br> Plaintiff, <br><br> vs. <br><br> **FULLERTON LOUNGE, INC.,** a California corporation d.b.a **MATADOR CANTINA** <br><br> Defendant | **Case No.** Case No. 18-1565 <br><br> **COMPLAINT FOR:** <br><br> (1) **FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §§ 1117 AND 1125(a);** <br> (2) **TRADE NAME INFRINGEMENT UNDER 15 U.S.C. § 1125;** <br> (3) **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER 15 U.S.C. §§ 1125(a);** <br> (4) **UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CAL BUS. & PROF. CODE §§ 17200 AND 17500 ET SEQ.** <br> (5) **COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff **CHALON ADVENTURES, INC.**, a California corporation, complains against Defendant, **FULLERTON LOUNGE, INC., a California corporation d.b.a MATADOR CANTINA**, and for causes of action, allege:

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

## THE PARTIES

1. Plaintiff **CHALON ADVENTURES, INC., a California corporation** (hereinafter referred to as "**CHALON**") is and at all times herein mentioned was, a corporation duly organized and existing under the laws of the State of California on May 18, 1976, with its principal place of business located at 1768 Newport Blvd., Costa Mesa, California 92627.

2. Plaintiff is informed and believes, and thereon alleges that Defendant **FULLERTON LOUNGE, INC., a California corporation**, (hereinafter referred to as **"FULLERTON LOUNGE"**) is, and at all times herein mentioned was, a California corporation duly registered on October 6, 2008 as a domestic stock corporation under the Laws of State of California with its principal place of business located at 111 North Harbor, Fullerton, California 92832.

## JURISDICTION AND INTRA DISTRICT ASSIGNMENT

3   The Court has original jurisdiction over Plaintiff's trademark infringement and Federal Unfair Competition claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). The Court has supplemental jurisdiction over the state law Unfair Competition and Unfair Business Practices claims pursuant to 28 U.S.C. § 1338(b), as those claims are joined with related claims under the Lanham Act.

4   Assignment to this judicial district is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims at issue occurred in the State of California and in this district and a substantial part of the injury to the property and rights of plaintiff **CHALON** that is the subject of these claims occurred in this judicial district. Upon information and belief, Defendant does business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PLAINTIFF AND ITS RIGHTS

5   On, or prior to 1966 a Mexican Food Restaurant operating under the style and name of "**EL MATADOR**" commenced operating at 1768 Newport Blvd., Costa Mesa, California 92627. On or about June 8, 2005 Plaintiff **CHALON** acquired all rights, title and interest and interest,

///

---

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

2

including the right to the trade name or service mark of "**EL MATADOR**", and continuously operated such restaurant to, and including, the date of the filing of this complaint .

6. On June 31, 2005 **CHALON** filed its Fictitious Business Name Statement (File No. 20056031959, refiled the same on May 18, 2010 as File No. 20106231065 and again on September 11, 2015 as File No. 20156418515) setting forth its Fictitious Business Name as "**EL MATADOR**", "**EL MATADOR RESTAURANT**", "**MATADOR**" and/or "**MATADOR RESTAURANT**". From 1966 through the date of the filing of this complaint, **EL MATADOR** has been continuously operated as a Mexican Food Restaurant in the State of California using the "**EL MATADOR**" Marks and Trade Name".

7. Plaintiff uses its "**EL MATADOR**" Marks and Trade Name when seeking and engaging in business with investment partners, customers and employees. As a result, the "**EL MATADOR**" Marks and Trade Name are valuable assets of the company and serve in the marketplace as indicators of the source of **CHALON'S** services.

8. On November 21, 2017 Plaintiff **CHALON** was issued a Service Mark in the name of "**EL MATADOR**" (Registration Number 5,337,754, Int. Cl.: 43 - Cocktail lounges; Restaurant services) in the Principal Register by the United States Patent and Trademark Office. (Ser. No. 85-084,569, Filed 07-14-2010 with First Use determined to be 1966 and "in-commerce" also determined to be in 1966).

## DEFENDANT AND ITS INFRINGEMENT

9. On or about February 25, 2009 defendant, **FULLERTON LOUNGE** filed its Fictitious Business Name Statement utilizing the name **"MATADOR CANTINA"**, purporting to have started its business on November 25, 2008. **CHALON** hereby alleges that subsequent to its filing of its Fictitious Business Name Statement **FULLERTON LOUNGE** commenced using the name **MATADOR CANTINA** by offering its cocktail and restaurant services to the public in Orange County, California and in the specific area in which **CHALON** marketed and provided its restaurant services.

///

10. Plaintiff is informed and believes that, with actual knowledge of Plaintiff's senior rights in the "**MATADOR**" Marks and Trade Name, Defendant adopted and began using the "**MATADOR**" Marks and Trade Name in competition with **CHALON** to offer and promote its Mexican Food Restaurant in a location and market that is in direct competition with **CHALON** under the name of "**MATADOR CANTINA**".

11. The **FULLERTON LOUNGE** Marks and Trade Name of "**MATADOR CANTINA**", used in conjunction with the trade mark "**EL MATADOR**" are confusingly similar to the "**EL MATADOR**" Marks and Trade Name.

## FIRST CLAIM

## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

**(Lanham Act §43(a); 15 U.S.C. §§ 1117 & 1125(a))**

12. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 11 of this Complaint.

13. Defendant's use of the "**MATADOR CANTINA**" Trade Name for its cocktail and restaurant services constitutes false designation of origin, false or misleading description, false or misleading representation, and/or unfair competition. Such unauthorized use is likely to cause, confusion, mistake, or deception of others as to the affiliation, connection, or association of Defendant **FULLERTON LOUNGE** with **CHALON'**s operation of their Mexican Food Restaurant known as **"EL MATADOR"** and is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the services of Defendant with those of Plaintiff.

14. Such false designations, description, and/or representation constitutes unfair competition and is an infringement of **CHALON'S** rights in it's the "**EL MATADOR**" marks, in violation of Section 43(a) of the Federal Lanham Act, 15 U.S.C. § 1125(a).

15. Defendant knew, or should have known, of **CHALON's** rights, and Defendant's conduct and continuation of that conduct were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

16. **CHALON** has been, and will continue to be, damaged by such false description, false representation, and false designation of origin in a manner and amount that cannot fully be measured or compensated in economic terms. Defendant's actions have damaged, and will continue to damage, **CHALON**'s market, reputation, and goodwill, and may discourage current and potential customers and others from dealing with **CHALON**. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

17. **CHALON** has been damaged by Defendant's actions in an amount to be proven at trial.

## SECOND CLAIM
## TRADE NAME INFRINGEMENT
## (15 U.S.C. § 1125)

18. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 17 of this Complaint.

19. Defendant's use of the "**MATADOR CANTINA**" Mark and Trade Name when conducting business and marketing, offering to sell, and selling Defendant's goods and services is likely to cause confusion and mistake. Such use by Defendant deceives, and is likely to deceive, and has caused actual confusion which has resulted in customers of **CHALON**, and the general public, believing that Defendant's services are sponsored by, approved by, or affiliated with **CHALON,** which they are not.

20. Defendant has both actual and constructive knowledge of **CHALON**'s senior rights in its "**EL MATADOR**" Marks and Trade Name, but despite such knowledge, Defendant has continued its infringing behavior in disregard of **CHALON**'s rights.

21. Defendant's acts violate the Lanham Act, 15 U.S.C. § 1125(a).

22. Defendant knew or should have known of **CHALON**'s rights, and Defendant's conduct and continuation of that conduct were knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

23.     **CHALON** has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. The actions of Defendant have damaged and will continue to damage **CHALON**'s market, reputation, and goodwill. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined during the pendency of this action and thereafter.

24.     **CHALON** has been damaged by Defendant's actions in an amount to be proven at trial.

**THIRD CLAIM**

**FEDERAL UNFAIR COMPETITION**

**(15 U.S.C. Section 1125(a))**

25.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 24 of this Complaint.

26.     Defendant's use of the "**MATADOR CANTINA**" Mark and Trade Name infringes **CHALON**'s rights and has caused, and is likely to cause, confusion, deception, and mistake by creating the false and misleading impression that Defendants use of the "**MATADOR CANTINA**" Mark and Trade Name for its cocktail and restaurant business are that of Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

27.     Defendant **FULLERTON LOUNGE** has made false representations, false descriptions, and false designations of, on, or in connection with its Mexican Food restaurant that associates its services with that of **CHALON** in violation of 15 U.S.C. Section 1125(a). Defendants activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the public, and additionally, injury to Plaintiffs goodwill and reputation as symbolized by their Trade Marks, Trade Name and reputation, for which Plaintiff has no adequate remedy at law.

///

///

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

28. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the "**EL MATADOR**" Service and Trade Mark and Name to the great and irreparable injury of Plaintiff.

29. Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff. Plaintiff is entitled to injunctive relief and to recover plaintiff's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys fees under 15 U.S.C. §§ 1125(a) and 1117.

## FOURTH CLAIM

## UNFAIR AND DECEPTIVE TRADE PRACTICES-

## (California Business & Professions Code § 17200 et seq.)

30. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 29 of this Complaint.

31. California Business & Professions Code §17200, California's Unfair Competition Law ("UCL"), prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof Code § 17200 (emphasis added). The code section is written in the disjunctive, and thus requires that only one prong is satisfied in order to find liability. Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co. (1999) 20 Cal.4th 163, 180.

32. Unlawful: "The 'unlawful' practices prohibited by § 17200 are any practices a forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." Saunders v. Superior Court (1994) 27 Cal.App.4th 832, 838-39 (emphasis added). These predicate unlawful business acts and practices include, but are not limited to, California Civil Code §1709 (deceit), Civil Code §1714(a) (negligence), or a violation of 15 U.S.C. Section 1125(a)**.** A violation of any of these underlying laws is a per se violation of § 17200.

33. Plaintiff is informed and believes, and thereon alleges that Defendant violated Civil Code §1709 (deceit) and §1714(a) (negligence) by Defendant's use of the "**EL MATADOR**" Mark and Trade Name.

---

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

7

34. Unfair: "[A]n unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to the consumer." People v. Casa Blanca Convalescent Homes Inc. 1 (1984) 159 Cal.App.3d 509, 530. Furthermore, the "unfair" standard is intentionally broad and allows courts maximum discretion to prohibit new schemes to defraud. Motors, Inc. v. Times Mirror Co. (1980) 102 Cal.App.3d 735, 740. Finally, because § 17200 is disjunctive, practices that may be lawful may nevertheless be unfair.

35. Defendants, and each of them, engaged in unfair business practices by creating the false and misleading impression that defendants use of the "**MATADOR CANTINA**" Mark and Trade Name for its cocktail and restaurant business are that of Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

36. Fraudulent: A business practice is fraudulent under Business and Professions Code § 17200 if "members of the public are likely to be deceived." Committee on Children's Television v. General Foods Corp. (2002) 35 Cal.3d 197, 211. Furthermore, even lawful contract terms presented in a deceptive manner are fraudulent under § 17200. Boschma v. Home Loan Ctr., Inc. (2011) 198 Cal. App.4th 230, 253. Such fraudulent practices do not require the plaintiff show actual deception, reliance, or damages. Committee on Children's Television v. General Foods Corp., supra, 35 Cal.3d at 211. Defendants' acts and omissions, as alleged herein, were likely to deceive members of the public and, in fact, did deceive Plaintiffs.

37. Defendants' fraudulent business practices include, but were not limited to, a practice whereby Defendants engaged in unfair business practices by creating the false and misleading impression that defendants use of the "**MATADOR CANTINA**" Marks and Trade Name for its cocktail and restaurant business are that of Plaintiff, or are affiliated, connected, or associated with Plaintiff, or have the sponsorship, endorsement, or approval of Plaintiff.

///

///

---

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

38. Defendants' unlawful, unfair, and fraudulent business practices present a continuing threat of deception to both Plaintiff and members of the public at large as alleged herein. Plaintiff, and other members of the general public, have no other adequate remedy at law that will prevent Defendants' misconduct as alleged herein from occurring, and reoccurring, in the future to both Plaintiff and members of the general public.

39. As a direct and proximate result of Defendants unlawful, unfair, and fraudulent business practices alleged herein, Plaintiff has suffered extensive pecuniary damages as alleged herein Further, in light of the deliberate and malicious use of a confusingly similar imitation of the **"EL MATADOR"** Service and trademarks, and the need to deter defendant from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages in an amount according to proof.

40. Upon information and belief, and as a result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff has been damaged and harmed in a total amount to be determined at trial. Plaintiff will seek leave of court to amend this complaint to insert the true measure of damages when the same has been ascertained.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Trademark Infringement and Unfair Competition)**

41. Plaintiff realleges and incorporates herein by reference the allegations of paragraphs 1 through 40, inclusive, of this Complaint.

42. Defendants acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of Plaintiff. Plaintiff has no adequate remedy at law for this injury.

43. On information and belief, Defendant acted with full knowledge of Plaintiff's use of, and statutory and common law rights to, Plaintiffs' **"EL MATADOR"** Service and Trademark and without regard to the likelihood of confusion of the public created by Defendant's activities.

///

///

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

9

44. Defendants actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiffs Service and Trade Mark to the great and irreparable injury of Plaintiff.

45. As a result of defendants acts, Plaintiff has been damaged in an amount not yet determined or ascertainable. At a minimum, however, Plaintiff is entitled to injunctive relief, to an accounting of Defendants profits, damages, and costs. Further, in light of the deliberate and malicious use of a confusingly similar imitation of the "**EL MATADOR**" service and trademarks, and the need to deter defendant from engaging in similar conduct in the future, Plaintiff is entitled to punitive damages in an amount according to proof.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. That Defendant, and its respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts that infringe any of **CHALON**'s Marks and Trade Name or are confusingly similar to any of the **CHALON**'s Marks and Trade Name, either directly, contributorily, or by inducement.

2. That Defendant, and its respective officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, be enjoined and restrained during the pendency of this action and permanently thereafter from all acts of trademark infringement, trade name infringement, false designation of origin, and unfair competition, either directly, contributorily, or by inducement, including the use of the **CHALON**'s Marks and Trade Name or any term that is confusingly similar to the **CHALON** Marks and Trade Name.

3. That Defendant be required to deliver up to the Court any and all products, service materials, advertisements, promotions and any other materials in their possession, custody or control that infringe any of the **CHALON** Marks and Trade Name.

///

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*

4. That Defendant be directed to file with this Court and serve on Plaintiff's counsel within thirty (30) days after the service of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant complied with Paragraphs 1 through 3 immediately above.

5. That Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained, or will sustain, in consequence of Defendant's trademark infringement, trade name infringement, false designation of origin, and unfair competition, and to account for and pay to Plaintiff all gains, profits, and advantages derived by the Defendant that are attributable to such unlawful acts; and that such damages be increased as provided by 15 U.S.C. § 1117 and other provisions of law.

6. That the Court finds the Defendant's trademark infringement, trade name infringement, false designation of origin, and unfair competition willful and adjudge this to be an exceptional case and award Plaintiff its reasonable attorneys' fees as provided by 15 U.S.C. § 1117 and other provisions of law.

7. For punitive or exemplary damages according to proof.

8. That the Defendant be ordered to pay Plaintiff the costs of suit and prejudgment interest on all sums allowed by law.

9 That Plaintiff be awarded such other and further relief as the Court may deem equitable.

### JURY TRIAL DEMAND

Plaintiff, **CHALON ADVENTURES, INC., a California Corporation d.b.a. El Matador** demands a trial by jury on all claims and issues to triable.

**DATED: 08/31/2018**                                       LAW OFFICES OF J. CRANOR RICHTER

By:  /s/
    **J. Cranor Richter, Esq., Attorney for Chalon Adventures, Inc. d.b.a EL MATADOR**

*Complaint for Trademark Infringement, False or Misleading Advertising etc.*